**CHIU LAI YEE, aka Chiu Lai Lai, aka Charlie Yee, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–72210.**

United States Court of Appeals, Ninth Circuit.

Submitted April 26, 2016.*

Filed May 2, 2016.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Matthew Albert Connelly, Trial, Oil, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Chiu Lai Yee, a native and citizen of Hong Kong, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008), and we deny the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Yee failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Hong Kong. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir.2011) ("claims of possible torture remain speculative"). We reject Yee's contention that the BIA did not fully consider his arguments on appeal. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) (BIA need not "write an exegesis on every contention") (internal quotations and citation omitted). Thus, Yee's CAT claim fails.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Finally, we do not consider materials attached to the opening brief that were not part of the record before the agency. *See Fisher v. INS,* 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (review limited to the administrative record).

**PETITION FOR REVIEW DENIED.**